### No. 1649.—Succession of William Woodward.

Cotton or other produce cultivated and made by the survivor, after the dissolution of the community, does not fall into and form a part of the succession ; nor are the fees of clerks or other officers of the court, for duties performed in opening and administering the estate, chargeable to the proceeds of such cotton or other produce.

If a writ of sequestration has issued by a creditor of the estate against the cotton produced by the survivor, the same will be set aside on the ground that the cotton was the individual property of the survivor, and not a part of the estate.

APPEAL from Fifth District Court, parish of East Feliciana. *Posey*, J. *A. M. Dunn* and *John McVea*, for appellee. *W. F. Kernan* and *James F. Smith*, for appellant.

Reporter.—In remanding this cause for the purpose of the settlement of the succession, the Supreme Court instructed the judge *a quo* that no claim founded on the existence of slavery, whether for the price or the hire of slaves, was to be entertained in making up the judgment between the contending parties. This decision is supported by a long current of authority, as well as a constitutional enactment, in so far as the enforcement of contracts, the consideration of which was the price of slaves. But the question of the inability to recover wages for the hire of slaves, while that condition existed in the country, has not, until recently, been announced by the court. See the case of Rodriquez *v.* Bienvenu, ante page 300. This decision, reaffirming the doctrine announced in that case, it would seem, settles the question against the right to recover the hire of slaves.

Wyly, J. The object of this litigation is the settlement and partition of the succession of William Woodward, deceased, with his surviving widow and with his heirs, the issue of this marriage and of a former marriage.

39

The pleadings are quite confused, and present some issues which should have been tried separately

In 1839, William Woodward, a planter of East Feliciana, married Mary McDonald, with whom there was a community of acquets and gains till her death, which was in 1849.

Her heirs, Mary E. Woodward, wife of James P. Monahan, and Susan A. and William E. Woodward, minors, to whom James P. Monahan has been appointed tutor, are the active litigants in this case.

They claim the separate property of their mother, her half of the community which existed between her and their father, their share of his succession, and also hire of the slaves and other property, whether the separate property of their mother or her share of the community.

In 1850, William Woodward married the surviving widow, Mrs. Amanda M. Woodward, with whom there existed a community of acquets and gains till his death, in 1860. Since his death, as natural tutrix of her three minor children, the said Amanda M. Woodward has possessed and administered his estate.

Since the institution of the original proceeding for partition, which was in 1863, the slaves have been emancipated; and, under the jurisprudence of this State, claims for the price of slaves, can not be enforced; and also, under the decision of Rodriquez, widow, etc., v. Bienvenu, lately decided, the hire of slaves can not be recovered. The principal demand of the heirs of the first marriage against the surviving widow is for slaves and their hire. The proceeding is based mainly on a claim for hire of slaves due by the community existing between William and Amanda M. Woodward to the heirs of Mary Woodward; and also a claim by these heirs against Mrs. Amanda M. Woodward, for hire of slaves since the death of said William Woodward.

As debts of the character named enter so largely into the proceedings before us, and the judgment of the court below, and as the record is so confused, we deem it proper to remand the case, with instructions that the settlement and partition be made without regard to the demand for the price or hire of slaves, and according to law.

The sequestration of the cotton raised by the surviving widow since the dissolution of the community with William Woodward, as the property of said succession, was erroneous. It was not the property of said succession, but belongs to the surviving widow. 6 R. 109. The heirs have not claimed a privilege, nor are they entitled to it on the cotton sequestered. Our attention is directed to a bill of exception taken by the appellant, Mrs. Amanda M. Woodward, to the interlocutory order of the judge, directing that the fees of the clerk be paid out of the proceeds of the cotton sequestered in the hands of the sheriff. The bill was well taken. The cotton sequestered did not belong to the succession of William Woodward, having been raised by

his surviving widow, after his death; it was not liable for the debts of the succession.

It is therefore ordered that the judgment appealed from be avoided and annulled; and it is ordered that the cotton sequestered be declared the property of Mrs. Amanda M. Woodward; that she is entitled to its proceeds, and that the sequestration be dissolved at the costs of the plaintiffs in said sequestration suit. It is further ordered that the proceedings herein for settlement and partition of the succession of William Woodward, deceased, be rendered to the court below, to be proceeded in according to law, with instruction that no claim founded on the existence of the institution of slavery, whether for the price or hire of slaves, can be entertained and enforced. It is further ordered that the costs of this proceeding be paid by the succession of William Woodward.